UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JENNIFER HSU, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:17-CV-128-RP |
| | § | |
| ENHANCED RECOVER CO., LLC, and | § | |
| PHILADELPHIA INDEMNITY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

Before the Court is Plaintiff's Motion to Remand. (Dkt. 6). Having considered the pleadings, the parties' briefing, and the relevant law, the Court issues the following order.

Plaintiff Jennifer Hsu filed this action against Defendants Enhanced Recovery Co., LLC, ("ERC") and Philadelphia Indemnity Insurance Company in Travis County court on January 16, 2016. Plaintiff alleged in her state court petition that she had incurred personal debt that she was unable to repay. This debt was later assigned or transferred to ERC, a debt collector.

ERC allegedly sent a collection letter to Plaintiff on or around September 16, 2016. The letter included the name of the original creditor, an account number, and a balance due. However, according to Plaintiff, the letter did not provide ERC's true legal name—Enhanced Recovery Corporation, LLC—but instead featured only ERC's initials. Plaintiff asserts that ERC is not registered to use its initials in connection with its debt-collection activity in the State of Texas. On these facts, Plaintiff brings claims under the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*, and similar state laws. Relevant to the matter under consideration is Plaintiff's federal claim under 15 U.S.C. § 1692e(14), which provides that it is unlawful for a debt collector to use any name other than its true legal name in connection with the collection of a debt. Defendants removed

the action to this Court on February 21, 2017, and Plaintiff filed the instant motion to remand the next day.

The sole basis for Plaintiff's motion to remand is her failure to allege any injury in fact in her complaint. Plaintiff relies on *Spokeo, Inc. v. Robins*, 136 S. Ct. 1340 (2016), to argue that her lack of injury undermines her Article III standing and, resultantly, the Court's jurisdiction. Plaintiff is correct that an injury in fact is part of the "irreducible constitutional minimum" of standing. *Spokeo*, 136 S. Ct. at 1548. Thus, if Plaintiff has suffered no injury in fact, the Court is presented with no Article III case or controversy and lacks jurisdiction to adjudicate Plaintiff's claims. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006). To determine whether there is a sufficient injury alleged, the Court looks at Plaintiff's state court petition as it existed at the time of removal. *Louisiana v. Am. Nat'l Prop. & Cas. Co.*, 476 F.3d 633, 636 (5th Cir. 2014).

Opposing remand, Defendants first assert that jurisdiction is proper because the Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. This is an incomplete statement. The Court has jurisdiction over all *cases and controversies* arising under the federal Constitution, laws, and treaties. U.S. Const. art. III, § 2. There is no dispute that Plaintiff has raised a federal claim; the inquiry here is whether that claim presents a justiciable case or controversy under Article III.

Defendants next argue that Plaintiff's allegations suffice to establish an injury in fact under *Spokeo*. The Court agrees. The *Spokeo* Court held that a plaintiff could not "allege a bare procedural violation, divorced from any harm, and satisfy the injury-in-fact requirement of Article III." *Id.* at 1549. The Court recognized, however, that there were circumstances in which a plaintiff need not allege any additional harm beyond the violation of a statute, such as when the violation poses a risk of real harm. *Id.* Since *Spokeo*, at least two district courts have sustained suits under § 1962e(14) without allegations of harm beyond a violation of the statute. *See Velez v. Healthcare Revenue Recovery*

2

*Grp., LLC*, 1:16CV377, 2017 WL 1476144, at *2–3 (M.D.N.C. Apr. 24, 2017); *Tang v. Med. Recovery Specialists, LLC*, No. 11 C 2109, 2011 WL 6019221, at *2–3 (N.D. Ill. July 7, 2011).

This Court concurs with those others finding that a violation of § 1962e(14) presents a sufficient injury in fact under *Spokeo*. Where debt collectors make certain representations to debtors, § 1962e(14) entitles the debtors to receive certain information, i.e., the true legal name of the collecting entity. The Supreme Court has held in another context that the inability of an individual to obtain information to which he is statutorily entitled constitutes a sufficiently concrete injury in fact. *F.E.C. v. Akins*, 524 U.S. 11, 21 (1998). "There is no reason to doubt . . . that the information would help" a debtor evaluate whether the debt collector runs a legitimate operation or a fraudulent one, whether its claim to her debt is valid, and how she might respond. *See id.* In other words, the statute is directed at a "real risk of harm," even if the harm stemming from a violation may be difficult to measure. *See Spokeo*, 136 S. Ct. at 1550. Accordingly, the Court finds that no additional harm beyond a violation of § 1962e(14) must be alleged to satisfy the injury-in-fact requirement of Article III.

Plaintiff has alleged that Defendant has violated § 1962e(14), the Court therefore concludes that a sufficient injury in fact appears in her petition. Because the Court is satisfied that no other jurisdictional defect is present, Plaintiff's Motion to Remand is **DENIED**. (Dkt. 6).

**SIGNED** on July 10, 2017.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE